```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
        - v. -                   :
                                 :   SUPERSEDING INFORMATION
                                 :
ANDREW MICHAEL JONES,            :
  a/k/a "Inigo,"                 :   S2 14 Cr. 950
                                 :
        Defendant.               :
                                 :
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/14

## COUNT ONE
(Narcotics Trafficking Conspiracy)

The United States Attorney charges:

### BACKGROUND

1. From in or about January 2011, up to and including on or about October 2, 2013, an underground website known as "Silk Road" hosted a sprawling black-market bazaar on the Internet, where illegal drugs and other illicit goods and services were regularly bought and sold by the site's users.

2. During its more than two-and-a-half years in operation, Silk Road was used by several thousand drug dealers and other unlawful vendors to distribute hundreds of kilograms of illegal drugs and other illicit goods and services to well over a hundred thousand buyers, and to launder hundreds of millions of dollars deriving from these unlawful transactions.

3. The owner and operator of Silk Road, Ross William Ulbricht, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk

Road," ran the website with the assistance of a small support staff, including site administrators, who were responsible for, among other things, monitoring user activity on Silk Road for problems, responding to customer service inquiries, and resolving disputes between buyers and vendors.

4. From at least in or about October 2012, up to and including on or about October 2, 2013, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, worked as a site administrator on Silk Road.

## STATUTORY ALLEGATIONS

5. From in or about January 2011, up to and including on or about October 2, 2013, in the Southern District of New York and elsewhere, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

7. It was further a part and an object of the conspiracy that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and

others known and unknown, would and did deliver, distribute, and dispense controlled substances by means of the Internet, in a manner not authorized by law, and aid and abet such activity, in violation of Title 21, United States Code, Section 841(h).

8.   The controlled substances that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, conspired to distribute and possess with the intent to distribute, and to deliver, distribute, and dispense by means of the Internet, in a manner not authorized by law, and to aid and abet such activity, included, among others, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, 10 grams and more of mixtures and substances containing a detectable amount of lysergic acid diethylamide (LSD), and 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 841(h).

### Overt Acts

9.   In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about June 17, 2013, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, sent a message through the Silk Road website to Ross William Ulbricht, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk Road," with the subject "Weekly Report," summarizing actions JONES had taken during the previous week in his capacity as a Silk Road site administrator.

(Title 21, United States Code, Section 846.)

## COUNT TWO
(Conspiracy to Commit and Aid and Abet Computer Hacking)

The United States Attorney further charges:

10. The allegations contained in paragraphs 1 through 4 of this Information are repeated and realleged as if fully set forth herein.

11. In addition to providing a platform for the purchase and sale of illegal narcotics, the Silk Road website also provided a platform for the purchase and sale of computer-hacking services and malicious software designed for computer hacking, such as password stealers, keyloggers, and remote access tools. While in operation, the Silk Road website regularly offered hundreds of listings for such services and software.

## STATUTORY ALLEGATIONS

12. From in or about January 2011, up to and including on or about October 2, 2013, in the Southern District of New York and elsewhere, ANDREW MICHAEL JONES, a/k/a "Inigo," the

defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit computer hacking, and to aid and abet the same, in violation of Title 18, United States Code, Sections 1030(a)(2) and 2.

13.  It was a part and an object of the conspiracy that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, would and did intentionally access computers without authorization, and thereby would and did obtain information from protected computers, for purposes of commercial advantage and private financial gain, and in furtherance of criminal and tortious acts in violation of the Constitution and the laws of the United States, and would and did aid and abet such unauthorized access, in violation of Title 18, United States Code, Sections 1030(a)(2) and 2.

(Title 18, United States Code, Section 1030(b).)

**COUNT THREE**
(Conspiracy to Traffic in Fraudulent Identification Documents)

The United States Attorney further charges:

14.  The allegations contained in paragraphs 1 through 4 and paragraph 11 of this Information are repeated and realleged as if fully set forth herein.

15.  In addition to providing a platform for the purchase and sale of illegal narcotics and computer-hacking services and software, the Silk Road website also provided a platform for the

5

purchase and sale of fraudulent identification documents, such as fake driver's licenses and passports. While in operation, the Silk Road website regularly offered hundreds of listings for such products.

## STATUTORY ALLEGATIONS

16. From in or about January 2011, up to and including on or about October 2, 2013, in the Southern District of New York and elsewhere, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to traffic in fraudulent identification documents, and to aid and abet the same, in violation of Title 18, United States Code, Sections 1028(a)(2).

17. It was a part and an object of the conspiracy that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, would and did knowingly transfer, in and affecting interstate and foreign commerce, false identification documents and authentication features, knowing that such documents and features were produced without lawful authority, including driver's licenses, personal identification cards, and documents that appeared to be issued by and under the authority of the United States, and would and did aid and abet such

transfers, in violation of Title 18, United States Code, Sections 1028(a)(2) and 2.

(Title 18, United States Code, Section 1028(f).)

### COUNT FOUR
(Money Laundering Conspiracy)

The United States Attorney further charges:

18. The allegations contained in paragraphs 1 through 4 and paragraphs 11 and 15 of this Information are repeated and realleged as if fully set forth herein.

19. Silk Road used a Bitcoin-based payment system that served to facilitate the illegal commerce conducted on the site, including by concealing the identities and locations of the users transmitting and receiving funds through the site.

### STATUTORY ALLEGATIONS

20. From in or about January 2011, up to and including on or about October 2, 2013, in the Southern District of New York and elsewhere, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

21. It was a part and an object of the conspiracy that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, in offenses involving and affecting

7

interstate and foreign commerce, knowing that the property involved in certain financial transactions represented proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, computer hacking, and identification document fraud, in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Sections 1030 and 1028, respectively, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

22. It was further a part and an object of the conspiracy that ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, and others known and unknown, in offenses involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, computer hacking, and identification document fraud, in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Sections 1030 and 1028, respectively, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the

location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

23. As a result of committing the controlled substance offense alleged in Count One of this Information, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

24. As a result of committing the computer hacking offense and identification fraud offenses alleged in Counts Two and Three of this Information, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses.

25. As a result of committing the money laundering offense alleged in Count Four of this Information, ANDREW MICHAEL JONES, a/k/a "Inigo," the defendant, shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property.

## Substitute Asset Provision

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

    (Title 18, United States Code, Sections 981 and 982,
       Title 21, United States Code, Section 853;
      Title 28, United States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**ANDREW MICHAEL JONES,**
a/k/a "Inigo,"

Defendant.

INFORMATION

S2 14 Cr. 950

(21 U.S.C. § 846,
18 U.S.C. §§ 1030(b), 1028(f),
& 1956(h))

PREET BHARARA
United States Attorney.